Rick L. Sorensen, #7631
Hawkins & Sorensen, LC
2035 S. Milestone Drive, Suite B
Salt Lake City, UT 84104
Telephone:  (801) 412-4127
Facsimile:  (801) 412-4189
sorensenlaw@msn.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use of MIDGLEY-HUBER, INC. | **COMPLAINT** |
| Plaintiff, | |
| v. | Civil No. |
| YEAGLE & SONS CONSTRUCTION, INC.; GREAT AMERICAN INSURANCE COMPANY; and SOUTH MOUNTAIN - ADVANCED SOLUTIONS II, LLC, | Judge |
| Defendants. | |

Plaintiff Midgley-Huber, Inc. complains of defendants and for cause of action alleges as follows:

### JURISDICTION AND PARTIES

1. Plaintiff Midgley-Huber, Inc. (hereinafter "Midgley-Huber") is a Utah corporation authorized to do and is doing business in the State of Utah, with its principal place of business in Salt Lake County, State of Utah.

2. Defendant Yeagle & Sons Construction, Inc. (hereinafter "Yeagle") is a Utah corporation with its principal place of business in Salt Lake County, State of Utah.

3. Defendant Great American Insurance Company is a foreign surety company authorized to do business in the State of Utah.

4. Defendant South Mountain - Advanced Solutions II, LLC is a Utah limited liability company with its principal place of business in Salt Lake County, State of Utah.

5. This matter is brought pursuant to 40 U.S.C. § 3131, et. seq. and the basis of jurisdiction is for this matter is 28 U.S.C. § 1345.

6. Venue is proper pursuant to 28 U.S.C. § 1391 in that Defendant Yeagle resides in the State of Utah and pursuant to 40 U.S.C. § 3131, et. seq. in that the contract was performed in the State of Utah.

## COUNT I

## BREACH OF CONTRACT

7. Midgley-Huber incorporates ¶¶ 1-6 by reference as though fully set forth herein.

8. Midgley-Huber contracted with Yeagle through a credit agreement to supply equipment to Yeagle for the improvement of Tooele Army Depot Building 511 located in Tooele County, State of Utah (hereinafter "Project"). A copy of the contract is attached hereto as Exhibit 1.

9. Pursuant to the contract, Yeagle agreed to pay Midgley-Huber in the amount of $29,073.18 for the equipment supplied by Midgley-Huber to the Project.

10. Midgley-Huber has provided the equipment to the Project.

11. Yeagle has made payments to Midgley-Huber. The balance of the principal amount owed to Midgley-Huber is $19,113.72, plus pre-judgment and post-judgment interest at the legal rate of 10% from the date of each invoice until paid.

12. The afore-described amount is overdue. Yeagle's failure to pay the amount described constitutes a material breach of contract by Yeagle resulting in damages in the amount described.

## COUNT II

### UNJUST ENRICHMENT/QUANTUM MERUIT

13. Midgley-Huber incorporates ¶¶ 1 through 12 by reference as though fully set forth herein.

14. By providing defendants with the materials and services previously described, Midgley-Huber has conferred a substantial benefit upon defendants.

15. At all times, defendants have been aware of the benefit conferred upon them by Midgley-Huber.

16. Defendants have retained the benefit provided by Midgley-Huber without paying therefore under such circumstances as to make it inequitable for defendants to retain the benefit without payment of its value.

17. Defendants were aware that Midgley-Huber expected to be compensated for the materials and services furnished by Midgley-Huber.

18. Defendants have been unjustly enriched in an amount to be proven at trial.

## COUNT III

### PAYMENT BOND

19. Midgley-Huber incorporates ¶¶ 1 through 18 by reference as though fully set forth herein.

20. The Untied States of America entered into a contract with South Mountain – Advanced Solutions II LLC for the improvement of the Project.

21. A payment bond was delivered to the United States of America that is in an amount equal to 100% of the price specified in the contract between the United States of America and South Mountain – Advanced Solutions II, LLC as a protection of each person supplying labor, service, equipment, or material for the performance of the work provided for in the contract. A copy of the Payment Bond is attached hereto as Exhibit 2.

22. The payment bond was executed by Great American Insurance Company as surety and South Mountain – Advanced Solutions II, LLC as principal.

23. Midgley-Huber has furnished labor, services, equipment, or materials for the work provided for in the contract for which the payment bond was furnished.

24. Midgley-Huber has not been paid in full within ninety days after the last date on which it performed the labor or service or supplied the equipment or material for which the claim is made.

25. Midgley-Huber has filed a notice of claim with Great American Insurance Company. A copy of the notice of claim is attached hereto as Exhibit 3.

26. Great American Insurance Company and South Mountain – Advance Solutions II, LLC should pay Midgley-Huber the amount owed to Midgley-Huber for the equipment Midgley-Huber provided to the Project.

27. Midgley-Huber may be entitled to attorney fees pursuant to the agreement between South Mountain – Advanced Solutions II, LLC and the United States of America.

WHEREFORE, having complained of Defendants, Midgley-Huber prays for judgment against defendants as follows:

1. For judgment in favor of Midgley-Huber and against Defendants Yeagle, South Mountain

– Advanced Soultions II, LLC, and Great American Insurance Company, jointly and severally, in the principal sum of at least $19,113.72, plus pre-judgment and post-judgment interest at the maximum legal rate from the date of each invoice until paid, plus attorney's fees as may provided by contract, and costs.

2. For a decree adjudging that the Quantum Meruit Defendants are liable to Midgley-Huber for the full value and benefit received by the Quantum Meruit Defendants, in the amounts indicated above, under the equitable doctrine of unjust enrichment or quantum meruit in order to prevent the unjust enrichment of Quantum Meruit Defendants, at the expense of Midgley-Huber, plus additional interest, together with all costs.

3. For costs of court incurred herein, reasonable attorney fees, and for other such and further relief as to the court seems just and equitable.

DATED this 30th day of March, 2015.

Hawkins & Sorensen, LC


 /s/ Rick L. Sorensen
Rick L. Sorensen
Attorneys for Plaintiff

Plaintiff's Address:
2465 Progress Drive
Salt Lake City, UT 84119